UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATOSHA MARKS | ) | CASE NO. |
| 3618 E. 65th Street, Front Down | ) | |
| Cleveland, OH 44105 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| v. | ) | |
| | ) | |
| XCEL HEALTHCARE PROVIDERS INC. | ) | |
| c/o Statutory Agent Bobbie Stanich | ) | |
| 2724 Berkshire Road | ) | |
| Cleveland Heights, OH 44106 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BOBBIE STANICH | ) | |
| 2724 Berkshire Road | ) | |
| Cleveland Heights, OH 44106 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NEIL F. STANICH | ) | |
| 2724 Berkshire Road | ) | |
| Cleveland Heights, OH 44106 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Natosha Marks, by and through counsel, for her Class and Collective Action

Complaint against Defendants Xcel Healthcare Providers Inc. (hereinafter "Xcel Healthcare"),

Bobbie Stanich, and Neil F. Stanich states and alleges the following:

## INTRODUCTION

1.     Plaintiff brings this case to challenge the policies and practices of Xcel

Healthcare, Bobbie Stanich, and Neil F. Stanich (hereinafter "Defendants") that violate the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of

Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b),

which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

maintained against any employer … by any one or more employees for and in behalf of [herself]

or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also

brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members

of a class of persons who assert factually-related claims under the wage-and-hour statutes of the

State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes

of the State of Ohio because those claims are so related to the FLSA claims as to form part of the

same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because one or more Defendant resides in this district and division and a substantial part

of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Natosha Marks was a citizen of the United States

and a resident of Cuyahoga County, Ohio.

6.      Defendant Xcel Healthcare is an Ohio corporation with its principal place of

business in Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of

State, Defendant Xcel Healthcare's statutory agent for service of process is Bobbie Stanich, 2724

Berkshire Road, Cleveland Heights, OH 44106. Defendant Xcel Healthcare was incorporated by Defendants Bobbie Stanich and Neil F. Stanich in 2001.[1]

7.　　Defendant Bobbie Stanich is the CEO[2] and a member of Defendant Xcel Healthcare and/or exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

8.　　Defendant Neil Stanich is, upon information and belief, an executive and a member of Defendant Xcel Healthcare. Upon information and belief, Defendant Neil Stanich exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

9.　　According to records maintained by the Ohio Secretary of State, Defendant Bobbie Stanich registered "Xcel Healthcare Providers" as a trade name in 2001. Defendant Stanich Bobbie described Xcel Healthcare as a business conducting "Home Health Care."[3]

## FACTUAL ALLEGATIONS

### Defendants' Business

10.　　Defendants are home care service providers, providing "services for the elderly, disabled and mentally [r]etarded by abiding by the laws, rules and regulations set forth by the

---

[1] https://www5.sos.state.oh.us/ords/f?p=100:7:::NO:7:P7_CHARTER_NUM:1220238 (accessed July 20, 2017).
[2] https://www.linkedin.com/in/bobbie-stanich-7590a3106 (accessed July 20, 2017).
[3] http://www2.sos.state.oh.us/reports/rwservlet?imgc12g&Din=200105100234 (accessed July 20, 2017).

State of Ohio."[4] Xcel operates out of 1991 Lee Road Cleveland Heights, OH 44118, and has 175 employees.[5]

### Defendants' Statuses as Employers

11.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

12.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

13.     Defendants Bobbie Stanich and Neil Stanich are employers pursuant to 29 U.S.C. § 203(d) in that they are "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Xcel Healthcare, "in relation to employees," including Plaintiff. Defendants Bobbie Stanich and Neil Stanich are also employers pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Xcel Healthcare's day-to-day functions, including compensation of employees.

14.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

16.     Plaintiff Natosha Marks was employed by Defendants from approximately August 2015 to July 2017 as a home health aide.

---

[4] http://www2.sos.state.oh.us/reports/rwservlet?imgc12g&Din=200109301508 (accessed July 20, 2017).
[5] http://www.cleveland.com/cleveland-heights/index.ssf/2014/10/xcel_healthcare_providers_movi.html (accessed July 20, 2017).

17.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18.      At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

19.     In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff, the FLSA Collective, and Ohio Class.

20.     Effective January 1, 2015, home care employees, including Plaintiff, the FLSA Collective, and Ohio Class are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

### Defendants' Failure to Pay Overtime Compensation

21.     During their employment with Defendants, Plaintiff, the FLSA Collective, and the Ohio Class were required to work substantial amounts of overtime.

22.     Plaintiff personally regularly worked 80 or more hours each workweek. For example, during the two week pay period September 4, 2016 to September 17, 2016, Plaintiff worked 334 hours, or a minimum of 254 hours of overtime (338-80 regular hours); during the two week pay period March 6, 2016 to March 19, 2016, Plaintiff worked 252 hours, or a minimum of 172 hours of overtime (252-80 regular hours); and during the two week pay period June 26, 2016 to July 9, 2016, Plaintiff worked 206 hours, or a minimum of 126 hours of overtime (206-80 regular hours);

23.     Instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked. For example, during the two week pay period September 4, 2016 to September 17, 2016, Plaintiff worked 334 hours and was paid $9.50 per hour for a total gross pay of $3,173.00; during the two week pay period March 6, 2016 to March 19, 2016, Plaintiff worked 252 hours and was paid $9.00 per hour for a total gross pay of $2,268.00; and during the two week pay period June 26, 2016 to July 9, 2016, Plaintiff worked 206 hours and was paid $9.50 per hour for a total gross pay of $1,957.00.

24.     Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

27.     The FLSA Collective consists of:

All present and former hourly employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

28.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of at least 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

33.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least 100 persons.  The number of class members, as well as their

identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

34.    There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendants' failure to pay Plaintiff and other class members overtime pay due to them in violation of the Ohio law was willful?

35.    Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

36.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

37.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

41.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

42.     Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

43.     Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

44.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

45.     As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."

9

29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

48.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

49.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

50.     These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

51.     Having injured Plaintiff, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]… under Ohio law."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.    Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
Scott & Winters Law Firm, LLC
The Caxton Building
812 E. Huron Road, Suite 490
Cleveland, OH 44114
Tel. (440) 498-9100
Fax (216) 621-1094
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)