UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATOSHA MARKS, *et al.*, | ) CASE NO. 1:17-cv-1541 |
| | ) CASE NO. 1:18-cv-400 |
| on behalf of themselves and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| vs. | ) |
| | ) |
| XCEL HEALTHCARE PROVIDERS INC., *et al.* | ) **JOINT MOTION FOR APPROVAL OF** |
| | ) **SETTLEMENT PURSUANT TO** |
| | ) **SECTION 216(b) OF THE FLSA** |
| Defendants, | ) |
| and | ) |
| | ) |
| TIHARA NORRIS, | ) |
| | ) |
| on behalf of herself and all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| XCEL HEALTHCARE PROVIDERS INC. | ) |
| | ) |
| Defendant. | ) |

**I.     INTRODUCTION**

Representative Plaintiffs Tihara Norris, Natosha Marks, and Lisa Harris, and Defendants Xcel Healthcare Providers Inc. ("Xcel"), Bobbie Stanich, and Neil Stanich respectfully move this Court to approve the proposed FLSA opt-in Settlement reached by the Parties and memorialized in the Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A. This settlement resolves two separate but related representative actions pending before this Court: *Marks et al. v. Xcel Healthcare Providers Inc., et al.,* Case No.1:17-cv-1541 (N.D. Ohio,

July 21, 2017) (hereinafter "*Marks*") and *Norris v. Xcel Healthcare Providers, Inc.*, Case No. 1:18-cv-00400 (N.D. Ohio, Feb. 20, 2018) (hereinafter "*Norris*"). The settlement reached by the Parties on March 9, 2018 resolves *Marks* and *Norris* without requiring the Court to rule on motions pertaining to the "first filed" rule. If approved, the settlement will award the FLSA Collective 100% of their unpaid overtime calculated between October 13, 2015 and September 2, 2017, as well as approximately 10% of the FLSA Collective's potential liquidated damages, for a total settlement amount of $367,719. (Exhibit A, Stipulation of Settlement and Release.)

Representative Plaintiffs in *Marks* and *Norris* asserted that Defendant(s) unlawfully failed to pay overtime compensation at the rate of one and one-half their regular rate of pay to Plaintiffs and other non-exempt home health care aides for hours they worked over forty (40) each workweek. If approved by the Court, the Settlement will provide for the issuance of notice to all Eligible Settlement Participants. Eligible Settlement Participants will have thirty (30) days to join the Settlement by executing and returning Consent and Release Forms.

The Parties respectfully submit that the proposed Settlement is "fair, reasonable, and adequate" and satisfies the criteria for approval under § 216(b) of the FLSA. (Exhibit A, Settlement Agreement in *Marks* and *Norris*; Exhibit D, Declaration of Counsel Ryan A. Winters). The Settlement was achieved in an arms-length negotiation between the parties to the litigation. It was conducted by counsel experienced in wage and hour litigation, and reached on March 9, 2018 with Mediator, and former Cuyahoga County Judge, Peggy Foley Jones, following the submission of a blind mediator's proposal. If approved by the Court, the Settlement will make settlement payments available to members of the FLSA Collective who elect to participate in the Settlement, with the balance reverting to Defendant.

The settlement documents submitted for approval or entry by the Court consist of the following:

    Exhibit A:    Stipulation of Settlement and Release

    Exhibit B:    Notice of Settlement of Lawsuit, with attached Consent and Release Form entitled Consent to Opt-Into Lawsuit, Release, and Dismiss Claims

    Exhibit C:    Order of Dismissal and Approving Settlement

    Exhibit D:    Declaration of Counsel Ryan A. Winters

    Exhibit E:    Schedule of Payments

The following sections explain the nature of the Actions, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. The *Marks* Action

*Marks*, a hybrid class and collective action, was filed on July 21, 2017. (*Marks,* ECF #1.) It seeks unpaid overtime for home health aids employed by Defendants under the FLSA and related Ohio laws. (*Id.*) On September 6, 2017, the Parties in *Marks* conducted a case management conference before this Court, discussing the *Marks* parties' positions, legal and factual issues related to certification, the application of the Fair Labor Standards Act, including the Department of Labor ("USDOL") rules related to overtime pay for home care workers, 29 C.F.R. Chapter 552, the propriety of liquidated damages, and the ability of Defendants to satisfy a judgment. (*See Marks*, ECF #7.) The parties to *Marks* agreed both to set dates for Plaintiffs filing a hybrid certification motion and also to set a date for mediation. (*Id.*) On November 21, 2017, in the *Marks* matter, Plaintiffs and Defendants entered into a tolling agreement that stayed further discovery and motion practice pending mediation. (*Marks,* ECF #13.) On November 10, 2017 the Parties entered into a stipulation whereby Defendants would provide information in addition to the records, including "Excel format payroll records showing hours worked and

3

payroll information for the putative opt-in class, as well as a roster (with names redacted) of all of Defendants' employees showing dates worked [and] make available for inspection back-up documents so Plaintiffs [could] confirm the authenticity of the payroll and time clock information." (*Marks,* ECF #12.)

Although the case did not resolve during mediation before Honorable Judge Oliver on February 13, 2018, the Parties exhaustively discussed the legal and factual issues related to certification, the application of the Fair Labor Standards Act, including the USDOL rules related to overtime pay for home care workers, 29 C.F.R. Chapter 552, the propriety of liquidated damages, and, once more, the ability of Defendants to pay.

### B. The *Norris* Action

The *Norris* class and collective action was filed on February 20, 2018. (*Norris*, ECF #1.) The *Norris* matter was transferred back to Judge Oliver as a related case to *Marks* (*Norris*, ECF #13), and all parties to both the *Marks* and *Norris* case proceeded to mediation on March 9th before Peggy Foley Jones.

### C. The March 9, 2018 Mediation Settling *Marks* and *Norris*

On March 9, 2018, the Parties reached an agreement as to material terms to settle the Action on the terms set forth in the Settlement Agreement, subject to the Parties agreeing to final terms and also contingent on the Court ruling the settlement as fair, adequate, and reasonable within the meaning of the FLSA. The Parties reached the proposed settlement in this matter after accepting a blind Mediator's Proposal from The Honorable Peggy Foley Jones. Following the first mediation, Plaintiffs' counsel in both *Marks* and *Norris* entered into a co-counsel agreement. The Parties then attended a second half-day mediation on April 9, 2018 with Peggy Foley Jones during which they finalized the settlement

### D. The Settlement Terms

4

If approved by the Court, the Settlement will cover Representative Plaintiffs and all of the Eligible Settlement Participants in the amounts to be identified in Exhibit E: Schedule of Payments.

The Total Eligible Settlement Amount is Three Hundred Sixty-Seven Thousand Seven Hundred Nineteen Dollars ($367,719.00), which sum will cover: (a) all of the Individual Payments to the FLSA Collective; (b) Plaintiffs' Service Awards and (c) attorneys' fees and expenses, as determined by the Court.

$257,399.24 of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members as set forth in Exhibit F: Schedule of Payments, and service awards to the named Plaintiffs.

$110,319.76 of the Total Eligible Settlement Amount will be paid for attorneys' fees and expenses ($106,638.51 in fees and $3,681.25 in expenses) incurred in the Actions.

In exchange, the Actions will be dismissed, and the members of the FLSA Collective will release Defendant Xcel. its affiliates, and each of their owners, directors, officers, managers, employees, agents and attorneys, from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the respective Plaintiffs' Complaints, including, claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

To inform Eligible Settlement Participants of the Settlement, the Parties have submitted, as Exhibit B, the proposed Notice of Settlement of Lawsuits, with an attached Consent and Release Form. The Notice will be mailed and emailed, if an email address is available, to the Eligible Settlement Participants at their last known home addresses and email addresses according to records maintained by Defendants, and any updated addresses, as necessary. The

5

Eligible Settlement Participants who sign and return Consent Forms will participate in the Settlement and their claims will be released.

### III.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration, and as explained below, Court approval is warranted on all scores.

This settlement is a fair compromise and should be approved by the Court because Defendants are unable to pay the full amount of a greater judgment, plus the costs of ongoing litigation, and still remain in business. (*See* Exhibit A, Stipulation of Settlement and Release, at ¶ 30). To this end, payments will be made in regular intervals over the next 18 months. Financial information concerning the impact of a potential settlement on Defendant Xcel was provided to the Court and *Marks* counsel prior to the March 9, 2018 mediation before the Court in *Marks*.

    **A.    There is a *Bona Fide* Dispute about Defendants' Ability to Pay**

As this Court has observed, "[e]mployees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Diaz v. New Work City, Inc.*, No. 5:16-CV-2319, 2017 WL 4682345, at *2 (N.D. Ohio Oct. 18, 2017) (quoting *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "[T]he Court's role in approving a settlement of a FLSA collective action "is comparable to that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23." *Castillo v. Morales, Inc.*, No. 2:12-CV-650, 2015 WL 13021899, at *3 (S.D. Ohio Dec. 22, 2015) (quoting *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). However, because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, no Rule 23 fairness hearing is required.

### B. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA, 29 U.S.C. § 216(b), "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford*, 2008 WL 4724499 at *3. The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the attached Declaration, the standard supports approval of the Settlement.

### C. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford*, 2008 WL 4724499 (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the

7

proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiffs and the Class Members.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While no formal discovery has yet commenced, the Parties have engaged in substantial investigation prior to and during the negotiations, including substantial research and arguments relating to the Final Rule, and the issues are well understood by both sides. The outcome is uncertain for the Class Members, and the risks of continued litigation are evident for both sides. The opinions of experienced counsel of the parties support the Settlement, as do the Representative Plaintiffs.

All Individual Payments will be calculated proportionally on each Class Member's overtime damages during the Calculation Period. The Calculation Period for the Class Members shall mean the period between October 13, 2015 and September 2, 2017.

If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation. From October 13, 2015 to September 2, 2017, Plaintiffs allege that they and the Class Members were denied $333,180.29 in overtime compensation for the hours they worked and were only paid straight time, as calculated by Defendants and Counsel for the FLSA Collective. These figures assume that the members of the FLSA Collective were not compensated at the rate of one and one-half their regular rate of pay for hours worked over 40, but were compensated at their regular rate of pay.

Before deductions, each Class Member who participates in the Settlement will recover 100% of their alleged overtime damages and approximately 10% of their liquidated damages for time spent at client appointments from October 13, 2015 and September 2, 2017. Within seven

8

(7) days after the consent period is completed, a Schedule of Individual Payments to the Class Members will be filed with the Court. Accordingly, the settlement proceeds are fair, reasonable and adequate.

C. **Counsels' Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

Class Counsels' Declaration contains additional information that demonstrates the reasonableness of the proposed fees and expenses. The litigation expenses sought to be reimbursed are proper and reasonable. Expenses are estimated to be approximately $3,281.25. All expenses were incurred during the course of the litigation of these Actions or will be incurred during the administration of the Settlement.

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). The Settlement in this matter as a whole is fair, reasonable and adequate for Representative Plaintiffs and members of the FLSA Collective.

9

Here, the seven-factor standard supports approval of the Settlement. The Parties' counsel have extensive experience litigating FLSA claims. The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While no formal discovery has yet commenced, the Parties have engaged in review and analysis of payroll records prior to and during the negotiations. The legal issues underscoring the litigation are well understood. The opinions of experienced counsel of the Parties support the Settlement, as do the Representative Plaintiffs.

All Individual Payments will be calculated proportionally based on each Class Member's overtime damages during the Calculation Period. The Calculation Period for the Class Members shall mean the period between October 13, 2015 and September 2, 2017.

If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation. From October 13, 2015 to September 2, 2017, Plaintiffs allege, and the pay records confirm, that they and the members of the FLSA Collective were denied $333,180.29 in overtime compensation for the hours they worked and were only paid straight time. These figures calculate that the Class Members were not compensated at the rate of one and one-half times their regular rate of pay for hours worked over 40, but were compensated at their regular rate of pay.

Before deductions, each Class Member who participates in the Settlement will recover 100% of their overtime damages for time spent at client appointments from October 13, 2015 and September 2, 2017, as well as 10% of their liquidated damages over the same periods. Within seven (7) days after the consent period is completed, a Schedule of Individual Payments to the Class Members will be circulated between all three parties to the litigation and filed with the Court. The Settlement proceeds are fair, reasonable and adequate.

IV. **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the Proposed Order attached as Exhibit D.

Respectfully submitted,

<table>
<tr><td>

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 E. Huron Rd., Suite 490
Cleveland, OH 44114
P: (440) 498-9100   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

Attorneys for Plaintiffs in *Marks* and *Norris* and Lead Counsel for the FLSA Collective

</td><td>

*s/ Richard A. Millisor*
Richard A. Millisor (0062883)
Scott W. Gedeon (0077634)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, Ohio 44114
Phone: (440) 838-8800
Facsimile: (440) 838-8805
rmillisor@fisherphillips.com
sgedeon@fisherphillips.com

Attorneys for Defendant(s) in both *Marks* and *Norris*

</td></tr>
</table>

Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiffs in *Marks* and *Norris* and the FLSA Collective

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)