## STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. Solomon Oliver, Jr., U.S. District Judge, presiding ("District Court"), Plaintiffs Tihara Norris, Natosha Marks, and Lisa Harris, individually and on behalf of the Class Members, and Defendant Xcel Healthcare Providers Inc., agree to the terms of this Stipulation of Settlement and Release.

## DEFINITIONS

1. "Actions" shall mean the civil actions in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Marks, et al. v. Xcel Healthcare Providers Inc., et al.*, Case No. 1:17-cv-01540 ("*Marks*") and *Norris v. Xcel Healthcare Providers Inc.*, Case No. 1:18-cv-400 ("*Norris*").

2. "Representative Plaintiffs" or "Plaintiffs" shall mean Tihara Norris, Natosha Marks, and Lisa Harris.

3. "Defendant" shall mean Xcel Healthcare Providers Inc..

4. "Opt-in Plaintiffs" shall consist of Representative Plaintiffs and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5. "Eligible Settlement Participants" consist of the employees identified in Appendix 1 as "Eligible Settlement Participants" who have not already joined the case, and who are current and former non-exempt home health aides of Defendant who worked over 40 hours in one or more workweeks between October 13, 2015 and September 2, 2017, and who were paid their regular hourly rate, rather than the overtime rate of one and one-half their hourly rate for hours worked over 40.

6. "Parties" shall mean the Representative Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

7. "Counsel in *Marks* for the FLSA Collective and Lead Counsel" are Ryan A. Winters, Joseph F. Scott, and Kevin M. McDermott II of Scott & Winters Law Firm, LLC, and at times, with "Counsel in Norris for the FLSA Collective," collectively "Counsel".

8. "Counsel in *Norris* for the FLSA Collective" are Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm.

9. "Defendant's Counsel" are Richard A. Millisor and Scott W. Gedeon of Fisher & Phillips LLP.

10. "Settlement" or "Agreement" shall mean this Stipulation of Settlement and Release.

## RECITALS

11. On July 21, 2017, Representative Plaintiff Natosha Marks commenced an Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted. On September 19, 2017, the Complaint was amended to add Representative Plaintiff Lisa Harris.

12. On February 20, 2018, Representative Plaintiff Tihara Norris commenced an Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

13. In the Actions, Plaintiffs alleged that Defendant failed to pay its non-exempt home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

14. Defendant denied liability and disputes the damages asserted by Plaintiffs.

15. On March 9, 2018, the Parties reached an agreement to settle the Actions on the terms set forth in this Settlement Agreement in connection with a mediation before the Honorable Peggy Foley Jones, who served as mediator, and pursuant to agreement to a mediator's proposal from Ms. Jones.

16. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

17. Counsel represent that they have conducted a thorough investigation into the facts of these Actions, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Eligible Settlement Participants in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

18. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Actions have merit or that Defendant has liability to Plaintiffs on all of those claims.

## SETTLEMENT PAYMENTS

19. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is Three Hundred Sixty-Seven Thousand Seven Hundred Nineteen Dollars ($367,719.00), which sum will cover: (a) all of the Individual Payments to the Class Members; (b) Representative Plaintiffs' Class Representatives Payments and (c) Class Counsels' attorneys' fees and expenses.

20. **Settlement Payments to Class Members:** $257,399.24 of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members, including service awards to the named plaintiffs (in the amount of $2,500.00 each, for a total of $7,500.00) and liquidated damages.

21. **Calculation of Individual Payments:** The Individual Payments will be based proportionally on Representative Plaintiffs' and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period, as set forth in Appendix 1

22. **Calculation Period:** The Calculation Period for the Class Members shall mean the period between October 13, 2015 and September 2, 2017.

23. **Retention of Individual Payments:** Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

24. **Treatment of Individual Payments:** Each Class Member's Individual Payment will be treated as payment for wages, except that ten (10%) percent of the amount will be treated as liquidated damages. Defendant will issue to each Opt-in Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement. Defendant will issue to each Opt-In Plaintiff a 1099 form for liquidated damages. Defendant will determine the proper tax withholding amounts on the wage payments in accordance with each Opt-in Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes required by law.

25. **Counsel in *Marks* for the FLSA Collective and Lead Counsel and Counsel in *Norris* for the FLSA Collective's Attorneys' Fees and Expenses:** 29% of the Total Eligible Settlement Amount will be paid to Counsel for attorneys' fees ($106,638.51), plus an additional amount as expenses ($3,681.25), as follows: Defendant will distribute attorneys' fees and expenses separately to Counsel as follows: (1) Scott & Winters Law Firm, LLC in the amount of $78,438.51 (which is comprised of $76,638.51 in fees and $1,800.00 in expenses); and (2) The Lazzaro Law Firm, LLC in the amount of $31,881.25 (which is comprised of $30,000.00 in fees and $1,881.25 in expenses). Defendant will issue a Form 1099-Misc. to each of The Lazzaro Law Firm, LLC, and Scott & Winters Law Firm, LLC with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

26. **Released Claims:** The Opt-In Plaintiffs (including the Named Plaintiffs) will release Defendant, its affiliates, and each of their owners, directors, officers, managers, employees, agents and attorneys, from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiffs' Complaints, including claims for unpaid wages, unpaid

overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

27. **Released Period:** The Released Period for the Class Members shall mean the period between January 1, 2015 the date the District Court enters final approval.

28. **Release of Attorneys' Fees and Expenses:** Counsel in *Marks* for the FLSA Collective and Lead Counsel and Counsel in *Norris* for the FLSA Collective jointly release their claims for attorney's fees and expenses. This includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting and administering the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Actions.

## APPROVAL AND DISMISSAL OF THE ACTION

29. **Cooperation:** the Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court. The Court will retain jurisdiction over the Actions to effectuate the terms of the settlement agreement, and the Parties will dismiss the Actions with prejudice.

30. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court. Defendant represents that Defendant's funds are limited to the extent that it cannot reasonably pay more than the total amount of settlement, nor can Defendant reasonably pay the settlement amount except through the agreed upon payment plan.

31. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Actions shall be dismissed with prejudice as to all Defendants and final judgment shall be entered, at Defendant's costs.

## SETTLEMENT ADMINISTRATION

32. **Contact Information for Class Members:** Assuming the Court grants final approval of the Settlement, within seven (7) days after the District Court grants final approval of the Settlement, Defendant will provide to a third party administrator, Atticus Administration, a spreadsheet containing the names, last known addresses, and last known email addresses, to the extent that Defendant has this information, of the Eligible Settlement Participants, according to records maintained by Defendant.

33. **Distribution of Notice and Consent and Release Forms:** Atticus Administration will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail, if available, within fourteen (14) days after the District Court grants final approval of the Settlement. Atticus Administration will perform address updating through the

National Change of Address Database before the notice is mailed. The consent forms will include the amount of wages each potential Opt-In Plaintiff may receive.

34. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement addressed to Counsel for Marks. The Eligible Settlement Participants may return Consent and Release Forms within thirty (30) days after the mailing of the notice.

35. **Filing of Consent and Release Forms:** Executed Consent and Release Forms from Eligible Settlement Participants, will be will timely filed by Counsel for Marks with the Court. Within seven (7) days after the consent period is completed, all of the Eligible Opt-In Party Plaintiffs' Consent and Release Forms must be filed with the District Court.

36. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Opt-in Plaintiffs who have affirmatively filed Consent and Release forms, as set forth in Appendix 1, shall be filed with the Court at the time of the filing of the motion for approval.

37. **Distribution of Individual Payments to Class Members:** Defendant will issue the checks payable to the Class Members for their Individual Payments and the Representative Plaintiffs for their Class Representative Payments in eighteen (18) equal installments and mail them via First-Class Mail or, with respect to Opt-In Plaintiffs who are current employees, with their regular paychecks. The first installment will be mailed within fourteen (14) days after the close of the Consent Period, with the remaining seventeen (17) payments being mailed every 30 days thereafter. If any Individual Payment checks are returned as undeliverable to Defendant, Defendant will mail the checks to either Counsel in *Marks* for the FLSA Collective or Counsel in *Norris* for the FLSA Collective, as agreed, who will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Any checks that become lost or void during the (6) month period after each distribution will be reissued to any Opt-in Plaintiff upon request and without charge to the Opt-in Plaintiff.

38. **Distribution of Payments to Class Counsel:** Defendant will issue separate checks payable to The Lazzaro Law Firm, LLC and Scott & Winters Law Firm, LLC for their respective attorneys' fees and costs, as specified in paragraph 22, in eighteen (18) equal installments and mail them via First-Class Mail. The first installment will be mailed within fourteen (14) days after the close of the Consent Period, with the remaining seventeen (17) payments being mailed every 30 days thereafter.

39. **Unclaimed Payments:** All Individual Payments shall remain negotiable for an 8-month period after the date of each distribution. To the extent there are any Individual Payments to any Opt-In Plaintiffs that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defendant will advise Counsel in *Marks* for the FLSA Collective and Lead Counsel of such amounts. Any amounts not cashed after eight (8) months of distribution of the settlement checks shall be retained by Defendant.

40. **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 30-day consent period, Counsel in *Marks* for the FLSA Collective and Lead Counsel will notify Defendant's counsel within three (3) business days. Defendant will decide, in its sole discretion and within seven (7) business days of receiving notice from Class Counsel, whether to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement. If Defendant decides to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement, Class Counsel shall immediately file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice. Defendant will mail the appropriate Settlement Payments directly to them within fourteen (14) days after their Consent and Release forms are filed with the Court, and any future checks in accordance with the payment schedule above.

## PARTIES' AUTHORITY

41. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

42. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of that settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement its terms.

## NO PRIOR ASSIGNMENTS

43. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

44. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

45. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

46. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## BINDING ON ASSIGNS

47. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

48. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

49. If either Party breaches any of the material terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred, to the extent the Court finds it to be in the interest of justice, in order to enforce the terms and conditions contained herein.

## JURISDICTION

50. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

## FLSA COLLECTIVE SIGNATORIES

51. Representative Plaintiffs execute this Settlement on behalf of themselves and in their representative capacities on behalf of the Opt-In Plaintiffs

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: May 4, 2018    NATOSHA MARKS

_____
Natosha Marks (May 4, 2018)
Representative Plaintiff, Individually
and on Behalf of the Opt-In Plaintiffs

Dated: May 4, 2018    LISA HARRIS

_____
Lisa Harris (May 4, 2018)
Representative Plaintiff, Individually
and on Behalf of the Opt-In Plaintiffs

Dated: May 3, 2018    TIHARA NORRIS

_____
Tihara Norris (May 3, 2018)
Representative Plaintiff, Individually
and on Behalf of the Opt-In Plaintiffs

Dated: May 15, 2018    XCEL HEALTHCARE PROVIDERS INC.

_____
By: Bobbie J. Stanich
Its: Administrator

Dated: May 4, 2018    RYAN A. WINTERS
SCOTT & WINTERS LAW FIRM, LLC

8

*Ryan A. Winters*
Ryan A. Winters (May 4, 2018)

Counsel in *Marks* for the FLSA Collective and Lead Counsel

Dated: _____

CHASTITY L. CHRISTY
THE LAZZARO LAW FIRM, LLC

Counsel in Norris for the FLSA Collective

Dated: 5/15/18

SCOTT W. GEDEON
FISHER & PHILLIPS LLP

Defendant's Counsel

Dated: 5-15-18

CHASTITY L. CHRISTY
THE LAZZARO LAW FIRM, LLC

_____
Counsel in Norris for the FLSA Collective

Dated: _____

SCOTT W. GEDEON
FISHER & PHILLIPS LLP


_____
Defendant's Counsel

9